******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

JAMES L. CETRAN *v.* TOWN OF WETHERSFIELD
(AC 46660)

Bright, C. J., and Alvord and Suarez, Js.

*Syllabus*

The plaintiff appealed from the judgment of the trial court dismissing his appeal, brought pursuant to statute (§ 7-278), from the decision of the Wethersfield Town Council approving his dismissal as chief of police for the defendant town. The plaintiff claimed, inter alia, that the court improperly concluded that it lacked subject matter jurisdiction over his cause of action because the appeal was moot. *Held:*

This court affirmed the judgment of the trial court on the alternative ground that the plaintiff's administrative appeal was brought against the wrong party, as the plaintiff was required pursuant to § 7-278 to name the authority having the power of dismissal, namely, the town council, and, accordingly, the trial court lacked jurisdiction over the action and dismissal was warranted on that basis.

Argued October 15—officially released December 31, 2024

*Procedural History*

Appeal from the decision of the Wethersfield Town Council dismissing the plaintiff from his position as chief of police, brought to the Superior Court in the judicial district of New Britain, where the court, *Hon. Joseph M. Shortall*, judge trial referee, granted the defendant's motion to dismiss the appeal and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Rachel M. Baird*, for the appellant (plaintiff).

*Kenneth R. Slater, Jr.*, for the appellee (defendant).

*Opinion*

ALVORD, J. The plaintiff, James L. Cetran, appeals from the judgment of the trial court rendered in favor of the defendant, the town of Wethersfield, following the granting of the defendant's motion to dismiss the plaintiff's cause of action for lack of subject matter

jurisdiction. On appeal, the plaintiff claims that the court improperly concluded that it lacked subject matter jurisdiction over the plaintiff's cause of action, which was captioned "Appeal," because the appeal was moot. We affirm the judgment on the alternative ground that the court lacked subject matter jurisdiction because the plaintiff named and served the incorrect party.

The following facts, as alleged in the plaintiff's operative complaint, and procedural history are relevant to this appeal. The plaintiff was employed as the chief of police for the defendant. He entered into a "Retirement Agreement" (agreement) with the defendant in January, 2021, the terms of which required him to "submit, in writing, to the Town Manager and the Wethersfield Town Council [(town council)] his notice of retirement with an effective retirement date of August 31, 2021 . . . ."[1] Under conditions specified in the agreement, the retirement date could be extended to December 31, 2021. However, the plaintiff could "not remain employed with the Town beyond the commencement date of the new Chief or December 31, 2021, whichever [came] first."

The plaintiff further alleged the following in the operative complaint. In May, 2021, he informed the town manager that he was "rescinding his notice of intent to retire." The next month, the plaintiff received notice that the defendant had recommended his dismissal. "The notice alleged as cause the following: 'Breach of Retirement Agreement dated January 13, 2021, by [the plaintiff].' " A special meeting of the town council subsequently was held on June 15, 2021, in order to conduct "a hearing regarding the recommended dismissal of [the plaintiff] as required by [General Statutes] § 7-278." The

---

[1] The plaintiff submitted to the trial court a copy of the agreement together with his objection to the defendant's motion to dismiss.

town council expressed that the plaintiff's alleged breach constituted "just cause" to dismiss the plaintiff in accordance with § 7-278. "On June 16, 2021, [the plaintiff] was denied access to his work computer and a police officer came to [the plaintiff's] home to collect his badge and his police vehicle."

In July, 2021, the plaintiff commenced the present action by way of a complaint captioned "Appeal," which represented that the action was an appeal filed pursuant to § 7-278. In the summons, the plaintiff identified the "Town of Wethersfield" as the sole defendant. A marshal served the defendant by leaving a copy of the summons and complaint with the town clerk. In September, 2021, the defendant filed a motion to dismiss for lack of subject matter jurisdiction because the administrative agency whose decision was appealed— the town council—was neither named nor served in the plaintiff's appeal. In that motion, the defendant argued that the town council was the one and only proper defendant for the appeal. Following briefing by the parties and oral argument, the trial court, *Knox, J.*, denied the defendant's motion to dismiss. In its memorandum of decision, the court found that, "[b]ecause § 7-278 does not mandate the serving of a particular party, the nonjoinder of the town council in the present matter, whether they are a necessary party or not, does not require dismissal for lack of subject matter jurisdiction. . . . The defendant does not claim that [it] was improperly named a party to the appeal. . . . The [defendant] was properly served with the plaintiff's appeal pursuant to . . . § 7-278. In this case, the plaintiff was employed by the [defendant] and was discharged from his position of head of police for the [defendant], the named party." (Citations omitted; footnote omitted; internal quotation marks omitted.)

In February, 2023, the plaintiff filed a "Revised Amended Appeal." The defendant filed a second motion

to dismiss in March, 2023, arguing that the court lacked subject matter jurisdiction over the administrative appeal on the basis that the appeal was moot. The trial court, *Hon. Joseph M. Shortall*, judge trial referee, granted the motion. The court determined that "it [could not] afford the plaintiff the relief of reinstatement because of his voluntary termination as of December 31, 2021," and that the court was "without power to provide the only relief that would allow the plaintiff to avoid the collateral consequences he anticipates." Because it determined that the plaintiff's appeal was moot and it could not "enable the plaintiff to avoid the collateral consequences of his termination," the court dismissed the appeal. This appeal followed.

The plaintiff claims on appeal that the court erred in dismissing the plaintiff's administrative appeal as moot. The defendant disagrees and argues, as an alternative ground on which to affirm the judgment, that the plaintiff's administrative appeal was brought against the wrong party. In his reply brief, the plaintiff set forth arguments opposing the defendant's claim that the administrative appeal should be dismissed on this alternative ground. The record is adequate to reach the merits of the alternative ground on which the defendant relies and, because we agree with the defendant that the administrative appeal was brought against the wrong party, we affirm the judgment dismissing the appeal on that basis. Accordingly, we do not reach the merits of the plaintiff's claim that the court improperly dismissed his administrative appeal as moot.

We begin by setting forth the applicable standard of review and the relevant legal principles. "The standard of review for a court's decision on a motion to dismiss [under Practice Book § 10-30 (a) (1)] is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion

and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the [complaint] in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the [complaint], including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Fiorita, Kornhaas & Co., P.C.* v. *Vilela*, 219 Conn. App. 881, 891, 297 A.3d 236 (2023).

"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." (Internal quotation marks omitted.) *Chestnut Point Realty, LLC* v. *East Windsor*, 158 Conn. App. 565, 570, 119 A.3d 1229 (2015), aff'd, 324 Conn. 528, 153 A.3d 636 (2017). "[T]he failure to name a statutorily mandated, necessary party in the citation is a jurisdictional defect which renders the administrative appeal subject to dismissal." *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 421, 533 A.2d 879 (1987), aff'd en banc, 206 Conn. 374, 583 A.2d 202 (1988). "[W]hen the statute authorizing the appeal requires a designated person to be made a party . . . the failure to do so constitute[s] noncompliance with its terms and thus involve[s] subject matter jurisdiction." *Fong* v. *Planning & Zoning Board of*

*Appeals*, 212 Conn. 628, 637, 563 A.2d 293 (1989); see also *Southern New England Telephone Co.* v. *Board of Tax Review*, 31 Conn. App. 155, 160–62, 623 A.2d 1027 (1993) (finding jurisdictional defect because plaintiff named town board rather than naming town as required by statute).

When a town council is acting in its administrative capacity, its decisions can be treated as those of an administrative agency. See *West Hartford Interfaith Coalition, Inc.* v. *Town Council*, 228 Conn. 498, 505–506 n.10, 636 A.2d 1342 (1994) (explaining how town council, acting in its capacity as town's zoning authority, may exercise legislative or administrative function); *Bartlett* v. *Rockville*, 150 Conn. 428, 429–30, 190 A.2d 690 (1963) (stating that town council acts in administrative capacity when removing officers under town ordinance). The Wethersfield Town Charter provides that the town council is "[t]he governing body of the town," which "exercise[s] and perform[s] all the rights, powers, duties and obligations of the town." Wethersfield Town Charter, c. III, § 301. "The Council may provide by ordinance for the exercise of any of the administrative powers of the former Board of Selectmen not otherwise assigned by this Charter, by the Manager or some other officer, board or agency." Id. "The Manager shall appoint and may remove . . . all officers and employees of the departments and agencies of the town . . . subject to the approval of the Council." Id., c. IV, § 404. The town council was acting in its administrative capacity when it approved the town manager's recommendation to remove the plaintiff from his position as chief of police for the defendant. Therefore, the town council's decision can be treated as that of an administrative agency.

An appeal from the town council's decision must comply with applicable statutory provisions, because the town council was acting as an administrative agency

when it approved the plaintiff's dismissal. See *Chestnut Point Realty, LLC* v. *East Windsor*, supra, 158 Conn. App. 570. The head of a police department has a statutory right to appeal a dismissal under § 7-278 and therefore must file an appeal in accordance with that statute. Id. Section 7-278 provides that "[n]o active head of any police department of any town, city or borough shall be dismissed unless there is a showing of just cause by the authority having the power of dismissal and such person has been given notice in writing of the specific grounds for such dismissal and an opportunity to be heard in his own defense, personally or by counsel, at a public hearing before such authority. Such public hearing, unless otherwise specified by charter, shall be held not less than five nor more than ten days after such notice. Any person so dismissed may appeal within thirty days following such dismissal to the superior court for the judicial district in which such town, city or borough is located. Service shall be made as in civil process. Said court shall review the record of such hearing, and, if it appears upon the hearing upon the appeal that testimony is necessary for an equitable disposition of the appeal, it may take evidence or appoint a referee or a committee to take such evidence as it directs and report the same to the court with his or its findings of fact, which report shall constitute a part of the proceedings upon which the determination of the court shall be made. The court, upon such appeal, and after a hearing thereon, may affirm the action of such authority, or may set the same aside if it finds that such authority acted illegally or arbitrarily, or in the abuse of its discretion, with bad faith, malice, or without just cause."

The Wethersfield Town Charter stipulates that the removal of officers is "subject to the approval of the Council." Wethersfield Town Charter, c. IV, § 401. Additionally, the town council is "the authority" before

which the plaintiff had a public hearing. See General Statutes § 7-278. Therefore, the town council—not the defendant—is "the authority having the power of dismissal" as required by § 7-278. In order to appeal the decision of the town council's approval of his dismissal, the plaintiff was required to name and serve the town council. The plaintiff, however, named and served the town as the sole defendant. Accordingly, the plaintiff did not comply with the statutory requirements.

Because the plaintiff failed to comply with § 7-278 by filing his captioned "Appeal" against the wrong party, we conclude that the trial court lacked jurisdiction over the action and, thus, dismissal was warranted on that basis.

The judgment is affirmed.

In this opinion the other judges concurred.